# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK JAMES GERMANSON, AS HEIR OF JAMES H. GERMANSON AND VALERIE L. H. GERMANSON,** | § § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **Civil Action No. 5:22-cv-275** |
| **MIDLAND MORTGAGE, A DIVISION OF MIDFIRST BANK,** | § § § § | |
| *Defendant.* | § § | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§1332(a) and 1441, Midland Mortgage, a Division of MidFirst Bank (hereinafter "MidFirst" or "Defendant") removes this action from the 73rd Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

### I.        STATE COURT ACTION

1.        On February 25, 2022, Plaintiff Mark James Germanson, as Heir of James H. Germanson and Valerie L. H. Germanson ("Plaintiff" or "Germanson") filed his Application for Temporary Restraining Order and Supporting Affidavit (the "Complaint"), *Mark James Germanson, as Heir of James H. Germanson and Valerie L. H. Germanson v. Midland Mortgage, A Division of MidFirst Bank*; Cause No. 2022CI03518, in the 73rd Judicial District Court of Bexar County, Texas.

2.        Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 73rd Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3.    In the State Court Action, Plaintiff alleges causes of action centered around the foreclosure of the real property commonly known as 13030 Maple Park Drive, San Antonio, Texas 78249 (the "Property"). Plaintiff seeks injunctive relief and damages for breach of contract.

4.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 73rd Judicial District Court of Bexar County, Texas and obtained by Defendant are attached hereto. In support of this removal, please find attached as follows:

> **Exhibit A:**    Civil Cover Sheet;
>
> **Exhibit B:**    Supplement to Civil Cover Sheet;
>
> **Exhibit C:**    State Court Docket Sheet;
>
> **Exhibit D:**    State Court File; and
>
> **Exhibit E:**    Bexar County Appraisal District Record.

## II.    TIMELINE FOR NOTICE OF REMOVAL

5.    Defendant Midland has not been served in this action and Plaintiff has not requested service. Less than thirty (30) days have passed since Defendant received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6.    The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a.    Diversity of Citizenship

7.    Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8.    This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

9.      Pursuant to Plaintiff's Complaint, Plaintiff is a citizen of San Antonio, Bexar County, Texas.

10.      MidFirst Bank is a federally chartered savings association. As such, MidFirst's citizenship is determined by the location of its main office as set forth in its articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). MidFirst's main office is located in Oklahoma. Thus, MidFirst is a citizen of Oklahoma.

11.      Plaintiff is a citizen of the State of Texas, Defendant MidFirst is a citizen of Oklahoma, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

**b.      Amount in Controversy Exceeds $75,000.**

12.      Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

13.      The Complaint seeks injunctive relief preventing Defendant from foreclosing on the Property and damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans*

*Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)).

14.     The Fifth Circuit has continually held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Farkas v. GMAC Mortg., L.L.C.,* 737 F.3d 338 (5th Cir. 2013); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir. 2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property valued it at $212,780.[1] This alone satisfies the $75,000 requirement. See *Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property and Plaintiff's Complaint, it is apparent on the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

## IV.     VENUE

16.     Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

---

[1] *See* Exhibit E, Bexar County Appraisal District valuation for the Property for 2021.

V.    CONCLUSION

WHEREFORE Defendant Midland Mortgage, a Division of MidFirst Bank remove this action from the 73rd Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By:    /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and I certify that a true and correct copy of the foregoing has been sent on this the 23rd day of March, 2022 to all parties of record.

**VIA ECF:**
John E. Serna
3010 Hillcrest Dr.
San Antonio, Texas 78201
johneserna01@yahoo.com
**ATTORNEYS FOR PLAINTIFF**

/s/ Shelley L. Hopkins
Shelley L. Hopkins