UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARK JAMES GERMANSON, AS**
**HEIR OF JAMES H. GERMANSON**
**AND VALERIE L. H. GERMANSON;**

   *Plaintiff*,

v.                                 Case No. SA-22-CV-00275-JKP

**MIDLAND MORTGAGE, A DIVISION**
**OF MIDFIRST BANK;**

   *Defendant.*

## O R D E R

Before the Court is Defendant Midland Mortgage's Motion to Dismiss for Failure to State a Claim. *ECF No. 3*. Plaintiff Mark James Germanson, as heir of James Germanson and Valerie Germanson, did not respond.[1] The Court **GRANTS** the Motion to Dismiss, **DISMISSES** this action with prejudice, and **DENIES** the request for injunctive relief.

### Factual Background

On February 25, 2022, Germanson filed suit in Texas state court seeking a Temporary Restraining Order and injunctive relief to prevent a foreclosure sale on the property that is the subject of this action. *ECF No. 1-5, Exh 4*. Germanson asserted a single cause of action for breach of contract. *Id*. The Texas court granted a Temporary Restraining Order and set the matter for a hearing on the injunctive relief. *ECF No. 1-5, pp. 10-11*. On March 23, 2022, Midland Mortgage removed the action to this Court. *ECF No. 1*.

---

[1] Plaintiff is represented by counsel John Evaristo Serna.

Based upon the admissions in the Original Petition, this action arises from a contract for a home loan between Germanson's parents, James and Valerie Germanson and Midland Mortgage. *ECF No. 1-5, Exh. 4.* James and Valerie Germanson executed a Loan Agreement and Deed of Trust for the purchase of the property. Germanson alleges that upon the death of his parents and his only sibling, the subject property passed to him as the sole heir of James and Valerie Germanson. Germanson asserts Midland Mortgage breached the Loan Agreement by failing to provide him the opportunity to modify the loans terms and by failing to provide him notice of foreclosure. Germanson concedes he fell behind in the payments; however, he alleges he requested loan modification, but was denied.

**Legal Standard**

When a party does not file a timely response to a motion, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(e)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, at *2.

Under the circumstances of this case, the Court will examine the merits of Midland Mortgage's Motion to Dismiss.

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear

amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

### Discussion

Review of the Petition reveals Germanson, by his own admission, is not a party to the subject Loan Agreement. The duty of notice of foreclosure extends "to the parties named on the requisite documents as the debtors, and not to other parties *known or unknown.*" *Casstevens v. Smith*, 269 S.W.3d 222, 229–30 (Tex. App.—Texarkana 2008, no pet. h.); Tex. Prop. Code § 51.002(d). As a non-party to the Loan Agreement, Germanson was not entitled to notice of default, acceleration, or foreclosure. *Rodriguez v. Ocwen Loan Servicing, Inc.*, 306 Fed. Appx. 854, 856 (5th Cir. 2009); Tex. Prop. Code § 51.002(d).

For this reason, Germanson cannot assert a breach of contract cause of action against Midland Mortgage based upon this Loan Agreement. Specifically, Germanson is not entitled to notice of intent to foreclose or notice of foreclosure sale. *See Rodriguez v. Ocwen Loan Servicing, Inc.*, 306 Fed. Appx. at 856. To the extent Germanson alleges Midland Mortgage breached the Loan Agreement based upon breach of good faith, this cause of action fails because he admits he is not a party to the Loan Agreement, and, for this reason, Midland Mortgage owes no duty of good faith to him.

Further, a plaintiff cannot state a viable cause of action for breach of contract in the absence of an allegation that the plaintiff is current on the loan payments. *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Consequently, to the extent Germanson can assert a cause of action for breach of contract, he concedes he is not current on the loan payments, and therefore, the cause of action must fail. *See id*.

To the extent Germanson pursues his breach-of-contract cause of action on some other basis, the claim fails because he has not alleged any specific provision of the Loan Agreement that Midland Mortgage breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam); *Caine v. Wells Fargo Bank, N.A.*, No. H-17-2046, 2018 WL 3195102, at *3 (S.D. Tex. Jun. 8, 2018).

To obtain injunctive relief, a movant must establish, among other things, there is a substantial likelihood of success on the merits. When a plaintiff fails to state a viable cause of action, injunctive relief is unwarranted. *Tierranegra v. JPMC Specialty Mortg. LLC*, No. 7:18-CV-347, 2019 WL 92190, at *5 (S.D. Tex. Jan. 2, 2019); *Marsh*, 888 F. Supp.2d at 815. For the reasons stated, Germanson has no plausible breach of contract cause of action. Therefore, Germanson's request for injunctive relief is without merit. *See Marsh*, 888 F. Supp.2d at 815.

Based upon the Court's review, it appears a more careful or detailed drafting will not overcome the deficiencies in Germanson's pleading. Consequently, an opportunity to amend will be futile. *See Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97. The Court will not provide an opportunity to amend the Complaint.

## Conclusion

Because Germanson's allegations contained in the Petition fail to state a plausible claim, the Court **GRANTS** the Motion to Dismiss, **DISMISSES** this action with prejudice, and **DE-**

**NIES** the request for injunctive relief. The Clerk of Court is **DIRECTED TO CLOSE THE CASE** and **ENTER FINAL JUDGMENT**.

    It is so ORDERED.
    SIGNED this 19th day of April, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE